Michael H. DUDEK; Brenda
M. Dudek, Appellants

v.

COMMISSIONER OF INTERNAL
REVENUE.

No. 14–1597.

United States Court of Appeals,
Third Circuit.

Dec. 24, 2014.

Brenda M. Dudek, Downingtown, PA,
pro se.

Michael H. Dudek, Downingtown, PA,
pro se.

Patricia M. Bowman, Esq., Bridget M.
Rowan, Esq., United States Department of
Justice, Washington, DC, Emerald G.
Smith, Esq., Carrie L. Kleinjan, Esq., Internal Revenue Service, Philadelphia, PA,
for

Before: McKEE, Chief Judge, and
GREENAWAY, JR., and KRAUSE,
Circuit Judges.

OPINION *

GREENAWAY, JR., Circuit Judge.

Appellants Michael and Brenda Dudek
("the Dudeks") seek review of the Tax
Court's decision upholding the Commissioner of Internal Revenue's determination
of a tax deficiency of $147,397.00 in 2008
and imposing an accuracy-related penalty
of $29,479.40. We will affirm, essentially

---

* This disposition is not an opinion of the full
  Court and pursuant to I.O.P. 5.7 does not

for the reasons set forth in the opinion of
the Tax Court.

Between 1996 and 1998, the Dudeks purchased several pieces of property in Pennsylvania. On October 23, 2008, they
signed an agreement entitled "oil and gas
lease" with EOG Resources, Inc. Pursuant
to the terms of the agreement, the Dudeks
received a bonus payment of $883,250.00 in
2008. The Dudeks reported this payment
as a long-term capital gain on their 2008
tax return. The Internal Revenue Service
("IRS") maintained that the bonus should
be treated as ordinary income, and found
that the Dudeks had a tax deficiency of
$147,397.00 and assessed an accuracy-related penalty of $29,479.40. The Dudeks
filed a petition in the Tax Court. Ultimately, the Tax Court agreed with the
IRS.

The Tax Court had jurisdiction pursuant
to 26 U.S.C. §§ 6213(a), 6214, and 7442.
We have jurisdiction pursuant to 26 U.S.C.
§ 7482(a). "Our review of the Tax Court's
construction of the Internal Revenue Code
is plenary." *Ball ex rel. Ball v. Comm'r*,
742 F.3d 552, 557 (3d Cir.2014) (citing
*Nat'l Starch & Chem. Corp. v. Comm'r*,
918 F.2d 426, 428 (3d Cir.1990)). "[W]e
review its factual findings and inferences
for clear error." *Nat'l Starch*, 918 F.2d at
428 (citing *Pleasant Summit Land Corp.
v. Comm'r*, 863 F.2d 263, 268 (3d Cir.
1988)).

The Supreme Court long ago resolved
the question presented in this case: bonus
payments made as part of an oil and gas
lease are ordinary income, not capital
gains. *Burnet v. Harmel*, 287 U.S. 103,
112, 53 S.Ct. 74, 77 L.Ed. 199 (1932) ("Bonus and royalties are both consideration
for the lease, and are income of the les-

---

constitute binding precedent.

sor."); *see Laudenslager v. Comm'r*, 305 F.2d 686, 690 (3d Cir.1962) ("Where the owner of the land retains an economic interest in the deposits, the transaction is regarded as a lease and the proceeds are taxable as ordinary income, subject, under certain conditions, to a deduction for depletion."). The Dudeks argue that the agreement should be treated as a sale, not a lease, but, because the Dudeks clearly "retain[ed] an economic interest" in the property, the agreement was, in fact, a lease.

As to the Dudeks' request for a depletion deduction, they failed to present any evidence regarding the depletion deduction before the Tax Court, thus failing to satisfy their burden of proof. *United States v. Gen. Dynamics Corp.*, 481 U.S. 239, 245, 107 S.Ct. 1732, 95 L.Ed.2d 226 (1987) ("The taxpayer has the burden of proving its entitlement to a deduction.") (citing *Helvering v. Taylor*, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623 (1935)).

Finally, the accuracy-related penalty satisfies the requirements of 26 U.S.C. § 6662.

For the foregoing reasons, we will affirm the decision of the Tax Court.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not    constitute binding precedent.